894 F.2d 408
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald TINGLE, Plaintiff-Appellant,
v.
Al C. PARKE; Larry Chandler, Lt.; Lt. Overstreet; C.O.
Doyle; Art Wooten, Defendants-Appellees.
 No. 89-5836.
 United States Court of Appeals, Sixth Circuit.
 Jan. 30, 1990.
 
 Before BOYCE F. MARTIN, Jr. and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Robert Tingle, a pro se Kentucky prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Tingle sued the defendant corrections officials alleging they violated his due process rights in connection with an adjustment committee hearing. On the basis of a urinalysis test, Tingle was found guilty of the unauthorized use of drugs or intoxicants (tranquilizers), and was sentenced to forty-five days in disciplinary segregation; he also lost sixty days of good time credits. The defendants filed a motion to dismiss arguing that the procedures utilized satisfied constitutional mandates. The magistrate recommended the complaint be dismissed with prejudice for Tingle's failure to file an opposing memorandum to defendants' motion to dismiss as required by Local Rule 6(b)(1)(A) (W.D. Kentucky). After denying Tingle's motions for an extension of time and to hold the case in abeyance, the district court adopted the magistrate's recommendation and dismissed the action for Tingle's failure to file an opposing memorandum.
 
 
 3
 Upon review, we affirm the district court's judgment. Local Rule 6(b)(1)(A) requires that an opposing memorandum must be filed within fifteen days from the date of service of the motion; failure to file the memorandum may be grounds for granting the motion. In this case, April 17, 1989, was the certificate of service date on defendants' motion to dismiss. Thus, Tingle was required to file an opposing memorandum by May 2, 1989. Tingle did not file the memorandum within the fifteen day time period nor did he move for an extension of time within the allotted time period. Under these circumstances, we conclude that the district court acted well within its discretion in dismissing the action.
 
 
 4
 Moreover, an examination of the record indicates that Tingle's due process rights were adequately protected during the adjustment committee hearing. Tingle received his incident report on December 14, 1988, when the urinalysis results were returned. At that time, Tingle waived the twenty-four hour notice requirement and requested that the lab technician who conducted the urinalysis test be called as a witness. The hearing was held on December 16, 1988, where Tingle was represented by an inmate advisor. Although Tingle was not allowed to call the lab technician as a witness, he did testify in his own behalf and denied the charges. The committee found Tingle guilty of the charge and provided him with a written statement of the evidence relied upon and the reasons for the disciplinary action taken.
 
 
 5
 We conclude that the procedures utilized were sufficient to satisfy constitutional mandates. See Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974). We also conclude that Tingle had no constitutional right to call the lab technician as a witness for he was neither an accuser nor an adverse witness whom Tingle was entitled to confront and cross-examine. See Higgs v. Bland, Nos. 88-5348/5352, slip op. at 12 (6th Cir. Oct. 27, 1989). Finally, the urinalysis test was sufficiently reliable so as to constitute some evidence to support the disciplinary sanctions imposed. See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985); Higgs, Nos. 88-5348/5352, slip op. at 11.
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.